UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| AUDIE GROGG, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:16-CV-134-RLJ-HBG |
| KNOXVILLE CRIMINAL COURT OF APPEALS, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM and ORDER**

This pro se civil rights complaint for injunctive relief and damages pursuant to 42 U.S.C. § 1983 was filed by Audie Grogg ("Plaintiff"), a prisoner in the Hardeman County Correctional Facility in Whiteville, Tennessee at the time of filing [Doc. 1]. Defendants are the Tennessee Court of Criminal Appeals in Knoxville and "all of the judges involved in [Plaintiff's] continued illegal imprisonment" [*Id.* at 1]. The Court understands that Plaintiff, who states that he is suing Defendants "both personaly [sic] and profesionaly [sic]" [*Id.*], is suing them in their individual and official capacities. Plaintiff's accompanying application to proceed *in forma pauperis* reflects that he has no assets; thus, the application [Doc. 2] is **GRANTED**. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (explaining that, after an inmate is released from confinement, his ability to pay is determined like any non-prisoner), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1] However, for the reasons set forth below, the Court will dismiss this action for failure to state a claim and because Defendants are immune from damages.

---

[1] The Court takes judicial notice, *see* Fed. R. Evid. 201(b) and (c), that Plaintiff filed a notice of address change in *Grogg v. State of Tennessee*, No. 2:15-CV-299 [Doc. 48], indicating

**I.    SCREENING STANDARDS**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints brought *in forma pauperis* and sua sponte must dismiss any claims that are frivolous or malicious, that fail to state a claim for relief, or that are alleged against a defendant who enjoys immunity. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citing 28 U.S.C. § 1915(e)(2), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)); cf. *Benson v. O'Brian*, 179 F.3d 1014, 107 (6th Cir. 1999) (concluding that screening under § 1915(3)(2) is inapplicable to actions not pursued *in forma pauperis*). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). 550 U.S. at 555, 570.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens*

---

that his address is a free world address in another state and, by implication, that he has been released from confinement. *See Privett v. Pellegrin*, No. 85-5488, 1986 WL 17206 at *1 (6th Cir. June 17, 1986) (taking judicial notice of its own docket sheet in a different case) (citing *United States v. Doss*, 563 F.2d 265, 266 n. 2 (6th Cir. 1977), for its holding that a court may take judicial notice of its own records).

*Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. PLAINTIFF'S ALLEGATIONS

The claims alleged in the complaint arose in the context of Plaintiff's probation revocation proceedings in state court [Doc. 1 at 6]. According to Plaintiff, Defendant state courts are refusing to honor the federal Constitution, the Bill of Rights, the Magna Carta, and the Tennessee Constitution and are denying Plaintiff his freedom, liberty, and rights to effective assistance of counsel and to self-representation [*Id.* at 5]. With regard to Plaintiff's latter contentions, he maintains that counsel, who was appointed to represent Plaintiff in several state criminal prosecutions, was "crammed" down his throat, has not spoken with Plaintiff, knows nothing about Plaintiff's cases, filed a motion to dismiss on Plaintiff's behalf, even though Plaintiff had "fired" him, and defends the actions of Defendant state courts, exhibiting no concern for his own client's interests. Moreover, so asserts Plaintiff, Defendants are aiding and abetting multiple illegalities involved in Plaintiff's wrongful imprisonment—an imprisonment that continues despite Plaintiff's acquittal on the offense charged [*Id.*]. Further, Plaintiff faults Defendants for rulings they have issued in his cases. Plaintiff seeks two remedies: (1) immediate termination of his illegal sentence [*Id.* at 5 ("Audi is still illegally imprisoned Let me Go!" and "Audie demands immediate termination of a 4-year sentence")] and (2) substantial monetary restitution for the more than two years that he has spent in illegal confinement [*Id.* at 7].

## III. ANALYSIS

At the outset, the lead Defendant, the Tennessee Court of Criminal Appeals, is not subject to suit under § 1983. Under the authorizing civil rights statute, only a "person" acting under color

of state law may be liable for a constitutional deprivation visited upon a plaintiff. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689-90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983.) State courts are not individuals or "bodies politic and corporate" and, thus, the Tennessee Court of Criminal Appeals is not a "person" within the terms of the statute. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (holding that "[a] state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute"); *Russell v. Juvenile Court of Kingsport, Tenn.*, No. 2:15-CV-13, 2015 WL 3506523, at *4 (E.D. Tenn. June 3, 2015) (finding that a state juvenile court is not a person subject to suit under § 1983) (citing *Mumford*, 105 F.3d at 268).

In addition, the Tennessee Court of Criminal Appeals, as an entity of the State of Tennessee, enjoys immunity from damages pursuant to the Eleventh Amendment, unless Tennessee has consented to suit or Congress has abrogated that immunity. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012) (finding that the 11th Amendment bars a suit for damages against a state appellate court). Plaintiff does not allege that Tennessee has waived its sovereign immunity nor that Congress has abrogated that immunity. Thus, while "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The Court concludes that Plaintiff fails to state a claim against the Tennessee Court of Criminal Appeals because it is not a "person" for purposes of a § 1983 action and further concludes that this Defendant enjoys sovereign immunity from this suit for damages.

The unnamed state judicial officer Defendants who allegedly presided over or reviewed Plaintiff's state criminal cases enjoy another type of immunity from damages. State court judges

possess absolute immunity from lawsuits for monetary damages while performing their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Pierson v. Ray*, 386 U.S. 547 (1967); *Mann v. Conlin*, 22 F.3d 100, 103, (6th Cir. 1994). Judges do not lose this immunity "even when . . . [their] acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646 (1872)). Only when judges act in the "clear absence of all jurisdiction" will they lose the cloak of absolute immunity. *Id.* at 357 (quoting *Bradley*, 13 Wall at 351).

In this case, the acts complained of, such as appointing counsel for a probationer facing revocation, determining the merits of claims asserted and cases presented, and issuing rulings and decisions in those cases, lie within the scope of a judge's jurisdiction to adjudicate or review the probation revocation proceedings. Therefore, the judicial officers Plaintiff seeks to sue for damages enjoy judicial immunity and all such claims against them fail.

Plaintiff's request for injunctive relief in the form of the termination of his four-year sentence cannot be obtained as a remedy under the aegis of a § 1983 suit, but must be presented in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(1); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (observing "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a claim attacking the duration of a state prisoner's confinement must be raised in a § 2254 petition. All such claims are **DISMISSED** without prejudice.[2]

---

[2] As noted, Plaintiff has been released from custody. *See Grogg v. State of Tennessee*, No. 2:15-CV-299 [Doc. 47, Sixth Circuit unpublished order of August 10, 2017]. This event suggests

## IV. CONCLUSION

Because Defendants either are not suable entities or enjoy sovereign or absolute judicial immunity, this action will be **DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted under § 1983 or for suing Defendants who possess immunity. 28 U.S.C. § 1915(e)(2). Additionally, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** any appeal from this dismissal would not be taken in good faith and would be frivolous.

A separate judgment will enter.

**SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge

---

that, even if the relief sought (termination of sentence) were an available remedy under § 1983, any such a claim for relief would also be subject to dismissal as moot.